413 F.2d 53
 Angela WALKER, etc., et al., Appellees,
v.
COUNTY SCHOOL BOARD OF BRUNSWICK COUNTY, VIRGINIA, et al., Appellants.
Phemie D. HAWTHORNE, etc., et al., Appellees,
v.
COUNTY SCHOOL BOARD OF LUNENBURG COUNTY, VIRGINIA et al., Appellants.
 No. 13283.
 No. 13284.
 United States Court of Appeals Fourth Circuit.
 Argued June 9, 1969.
 Decided July 11, 1969.
 
 Emerson D. Baugh, Lawrenceville, Va., and Frederick T. Gray, Richmond, Va. (Williams, Mullen & Christian, Richmond, Va., and Samuel H. Allen, Kenbridge, Va., on the brief), for appellants.
 Henry L. Marsh, III, Richmond, Va. (S. W. Tucker, Hill, Tucker & Marsh, Richmond, Va., Jack Greenberg and James M. Nabrit, III, New York City, on the brief), for appellees.
 Before SOBELOFF, BOREMAN and CRAVEN, Circuit Judges.
 PER CURIAM:
 
 
 1
 We noted the similarity of the issues presented and consolidated these separate appeals for purposes of oral argument and disposition.
 
 
 2
 These cases present the hard practical problem confronting school boards in systems where Negro students are in a substantial majority.[1] Relatively little integration has occurred under the freedom of choice method of operation of these schools and the plans of operation may fairly be described as dual systems. Since Green v. County School Board of New Kent County, 391 U.S. 430, 88 S.Ct. 1689, 20 L.Ed.2d 716 (1968), reversing 382 F.2d 338 (4th Cir. 1967), freedom of choice may not be held an adequate compliance with a school board's duty to devise a non-racial system unless it "promises realistically to work, and promises realistically to work now." 391 U.S. at 439, 88 S.Ct. at 1694. It is not seriously urged upon us — indeed, it could not be — that freedom of choice has worked or is likely to work in the foreseeable future in the sense meant by the Supreme Court in Green: the disestablishment of former state imposed segregation and its replacement with an entirely desegregated system.[2]
 
 
 3
 Instead, the school boards urge upon us that freedom of choice will work better than any more drastic method because if general racial mixing is forced in a school population heavily Negro the white minority will flee the school system. It is urged that it is better to have some racial mixing in a freedom of choice system than to have an all Negro system abandoned by white pupils.
 
 
 4
 Whatever the appeal of such an argument the Supreme Court has foreclosed our consideration of it — at least in the context of a theoretical possibility.[3] In Monroe v. Board of Commissioners, 391 U.S. 450, 459, 88 S.Ct. 1700, 20 L.Ed.2d 733, the Court rejected the same contention made in the context of defending a free transfer provision:
 
 
 5
 We are frankly told in the Brief that without the transfer option it is apprehended that white students will flee the school system altogether. `But it should go without saying that the vitality of these constitutional principles cannot be allowed to yield simply because of disagreement with them.' Brown II, Brown v. Board of Education, 349 U.S. 294, at 300, 75 S.Ct. 753, 99 L.Ed. 1083.
 
 
 6
 Motion of appellees to award double costs and counsel fees is denied. See Felder v. Harnett County Board of Education, 409 F.2d 1070 (4th Cir. 1969).
 
 
 7
 The judgments of the district court will be
 
 
 8
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 In Lunenburg County 1,567 pupils are Negro and 1,385 are white; in Brunswick County 71% of students are Negro and 29% white
 
 
 [2]
 The famous Briggs v. Elliott dictum — adhered to by this court for many years — that the Constitution forbids segregation but does not require integration, (132 F.Supp. 776 (E.D.S.C.1955), is now dead. Green v. County School Board of New Kent County, 391 U.S. 430, 88 S.Ct. 1689 (1968); Monroe v. Board of Commissioners of the City of Jackson, 391 U.S. 450, 88 S.Ct. 1700 (1968);cf. United States v. Jefferson County Board of Education, 380 F.2d 385 (5th Cir. 1967) (Griffin B. Bell and Gewin, dissenting).
 
 
 [3]
 The record does not indicate that there has been, as yet, any fleeing of the school systems. With respect to Brunswick County the district judge expressed the opinion it would not occur